**AKERMAN SENTERFITT LLP**
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
PARISA JASSIM (SBN 273915)
Email: parisa.jassim@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| ADAN JUAREZ, an individual, and ROSA JUAREZ, an individual;<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., and Does 1 – 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 1:13-CV-00485-LJO-SAB<br><br>Hon. Judge Lawrence J. O'Neill<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**FED. R. CIV. P. 12(b)(6)**<br><br>Document Filed Herewith<br>1. Request for Judicial Notice<br><br>Hearing Date:<br>Date:　May 16, 2013<br>Time:　8:30 a.m.<br>Crtrm.: 4, 7th Floor<br><br>Complaint Filed:　　March 7, 2013<br>Removed:　April 3, 2013 |

**TO THE COURT AND THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 16, 2013 at 8:30 a.m. or as soon thereafter as may be heard, in Courtroom 4 of the above-entitled Court located at 2500 Tulare Street, Fresno, California, defendant Suntrust Mortgage, Inc. (**SunTrust**) moves this Court to dismiss plaintiffs Adan Juarez and Rosa Juarez's (**plaintiffs**) complaint with prejudice.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1       This motion is made and based upon Rule 12(b)(6) of the *Federal Rules of Civil*

2   *Procedure*, and is based on the ground that plaintiffs fail to state a claim upon which

3   relief may be granted and the complaint is barred as a matter of law.

4       This motion is based upon this notice, the attached memorandum of points and

5   authorities, and upon all papers and documents on file herein, the Court's files

6   concerning this action, together with those facts and documents of which the parties

7   request judicial notice and/or matters which judicial notice is proper, as well as any oral

8   argument that may be presented at the time of the hearing.

9   Dated: April 10, 2013             Respectfully submitted,

10                          **AKERMAN SENTERFITT LLP**

11

12                          By: */s/ Parisa Jassim*

13                             Bryan M. Leifer
                             Parisa Jassim

14                        Attorneys for Defendant
                      SUNTRUST MORTGAGE, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{26141327;1}

CASE NO. 13-CV-00485-LJO-SAB
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

**I.**    INTRODUCTION ................................................................................. 1

**II.**   STATEMENT OF FACTS ................................................................... 2

**III.**  LEGAL STANDARD .......................................................................... 3

  **A.**   Fed. R. Civ. P. 12 (b)(6) ....................................................... 3

  **B.**   Fed. R. Evid. 201 ................................................................... 4

**IV.**   ARGUMENT ...................................................................................... 5

  A.   The Claims Are Barred by Judicial Estoppel ......................... 5

  B.   Plaintiffs Lack Standing Because the Subject Property Belongs To Plaintiffs' Bankruptcy Estate ................................................. 8

  C.   Plaintiffs Are Barred From Bringing Their Equitable Claims Because They Cannot Tender ................................................. 10

  D.   There is No Private Right of Action Under HAMP, and All of Plaintiffs' Claims Are Based on a HAMP Modification Application ................. 11

  E.   Each of Plaintiffs' Claims Against SunTrust Individually Fail on The Merits. ................................................................................ 14

    **1.**   Plaintiffs' Second Claim for Unfair and Deceptive Business Practices ................................................................... 14

    **2.**   Plaintiffs' Third Claim for Violation of *Civil Code* § 1788, *et seq.*   16

    **3.**   Plaintiffs' Claim for Breach of Contract. ...................... 17

    a.   California Courts, Including This Court, Have Found that Plaintiffs' TPP Is Not Considered a Permanent Loan Modification ........ 20

    b.   Plaintiffs Cannot Plead Damages ..................................... 23

**V.**    CONCLUSION ................................................................................. 24

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 ~ FAX: (213) 627-6342

# TABLE OF AUTHORITIES

## Cases

*Abdallah v. United Sav. Bank,*
  43 Cal. App. 4th 1101 (1996).................................................................... 11

*ACL Techs., Inc. v. Northbrook Prop. & Cas. Ins. Co.*
  17 Cal. App. 4th 1773, 1785 (1993)......................................................... 20

*Agbabiaka v. HSBC Bank USA Nat. Ass'n*
  No. C 09-05583 JSW, 2010 WL 1609974, at *5 (N.D. Cal. Apr. 20, 2010)............ 17

*Anderson v. Angelone,*
  86 F.3d 932 (9th Cir. 1996)........................................................................ 4

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal. App. 3d 575 (1984)............................................................... 10, 11

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009)................................................................................. 4

*Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*
  379 F.3d 557, 560 (9th Cir. 2004)............................................................. 19

*Balisteri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1988)........................................................................ 3

*Baltazar v. Premium Capital Funding,*
  No. 2:11-CV-630 TS, 2011 WL 3841450 (D. Utah Aug. 26, 2011)................... 13

*Bell Atlantic v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1964-65 (2007).................................................... 4

*Berson v. Applied Signal Tech., Inc.,*
  527 F.3d 982 (9th Cir. 1986)....................................................................... 4

*Bostanian v. Liberty Savings Bank*
  52 Cal. App. 4th 1075, 1080 (1997).......................................................... 9

*Bourdelais v. J.P. Morgan Chase Bank, N.A.*
  No. 3:10- CV-670-HEH, 2011 U.S. Dist. LEXIS 35507, at *18-20 (E.D. Va. Apr. 1, 2011).......................................................................................................... 19

*Cal. Pro-Life Council, Inc. v. Getman*
  328 F. 3d 1088, 1099 (9th Cir. 2003)...................................................... 19

*Carrasco v. HSBC Bank USA, N.A.,*
  2012 WL 646251 (N.D. Cal. Feb. 28, 2012) ............................................. 12

*Casto v. Am. Union Boiler Co. of W. Va.*
  No. 2:05-cv-00757, 2006 WL 660458, at *2 ............................................... 6

*Catalano v. Comm'r of Internal Revenue*
  279 F.3d 682, 685 (9th Cir. 2002).......................................................... 10

AKERMAN SENTERFITT LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999).................................................................................. 14

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   68 Cal. App. 4th 445, 473 (1998).................................................................. 21

*Cleveland vs. Aurora Loan Services, LLC,*
   2011 WL 2020565 (N.D. Cal. 2011).............................................................. 12

*Cobb v. Aurora Loan Services, LLC,*
   408 B.R. 351 (E.D. Cal. 2009)......................................................................... 9

*Cobb v. Aurora Loan Servs.*
   408 B.R. 351, 354 (E.D. Cal. 2009)................................................................. 9

*Coble v. Derosia*
   2011 U.S. Dist. LEXIS 51948 (E.D. Cal. May 16, 2011)............................... 10

*Costigan v. CitiMortgage, Inc.*
   2011 WL 3370397 (S.D.N.Y. 2011)............................................................... 19

*De Pomar v. Equifirst Corp.*
   U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010).......................................... 9

*DeLeon v. Wells Fargo Bank, N.A.,*
   10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011).................... 15

*Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.)*
   371 B.R. 412, 420-21 (B.A.P. 9th Cir. 2007)................................................... 5

*Dunmore v. United States*
   358 F.3d 1107, 1112 (9th Cir. 2004)................................................................ 9

*Estate of Spirtos v. One San Bernardino County Superior Court Case*
   443 F.3d 1172, 1176 (9th Cir. 2006)................................................................ 9

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.,*
   450 F.3d 1257 (11th Cir. 2006)........................................................................ 5

*Fuentes v. Deutsche Bank*
   No. 09 Civ. 502 JM (PCL), 2009 WL 1971610 (S.D. Cal. July 8, 2009)........ 17

*Grill v. BAC Home Loans Servicing, L.P.,*
   No. 10-cv-3057, 2011 WL 127891 (E.D. Cal. Jan. 14, 2011)......................... 22

*Hall v. Time, Inc.,*
   158 Cal. App. 4th 847 (2008).......................................................................... 15

*Hamilton v. State Farm Fire & Cas. Co.*
   270 F.3d 778, 785 (9th Cir. 2001)................................................................. 7, 8

*Hammonds v. Aurora Loan Servs. LLC,*
   No. EDCV 10-1025, 2010 WL 3859069 (C.D. Cal. Sept. 27, 2010).............. 12

*Heintz v. Jenkins,*
   541 U.S. 291, 294 (1995)................................................................................ 16

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Hepler v. Wash. Mut. Bank, F.A.,*
  2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009)......................................... 17

*Hernandez v. Downey Sav. & Loan Ass'n*
  2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009) ..................................... 9, 12

*Hernandez v. HomeEq Servicing,*
  No. 1:10cv01484 OWW DLB, 2010 WL 5059673 (E.D. Cal. Dec. 6, 2010)....... 9, 12

*Herold v. U.S. Bank, N.A.*
  No. CV 11-08108-PCT-FJM, 2011 U.S. Dist. LEXIS 103501, at *6-7 (D. Ariz. Sep.
  13, 2011).................................................................................................................... 19

*Humboldt Sav. Bank v. McCleverty,*
  161 Cal. 285 (1911)...................................................................................................... 10

*In re Baldwin*
  307 B.R. 251, 265 (M.D. Al. 2004) ......................................................................... 6

*In re Superior Crewboats, Inc.,*
  374 F.3d 330, *335-36* (5th Cir. 2004) ..................................................................... 6

*Ines v. Countrywide Home Loans, Inc.,*
  No. 08cv1267 WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. Jul. 18, 2008)16, 17

*Ingalsbe v. Bank of Am., N.A.,*
  No 1:10-cv-1665, 2010 WL 5279839 (E.D. Cal. Dec. 13, 2010)............................ 12

*James v. Wells Fargo Bank*
  *No. 10-1205-TS, 2011 U.S. Dist. LEXIS 53077, at *7-8 (D. Utah. May 17, 2011) . 19*

*Karlsen v. Am. Sav. & Loan Ass'n,*
  15 Cal. App. 3d 112 (1971) ................................................................................ 11, 18

*Khoury v. Maly's of Cal.,*
  14 Cal. App. 4th 612 (1993)................................................................................ 14

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005)................................................................................. 5

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*
  337 F.3d. 314, 324 (3d Cir. 2003).......................................................................... 6

*Lalwani v. Wells Fargo Bank, N.A.,*
  No. 2:11-CV-0084-KJD-PAL, 2011 WL 4574338 (D. Nev. Sept. 30, 2011) ........... 13

*Leake v. Presnky,*
  No. 10-cv-2306 RCL, 2011 WL 3020038 (D.D.C. July 25, 2011) ........................ 13

*Levingston v. Piburn,*
  No Civ. 08-8138, 2010 WL 1266823 (D. Ariz. May 26, 2010) .............................. 10

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.,*
  416 F.3d 940 (9th Cir. 2005)................................................................................... 4

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lonberg v. Freddie MAC*
  No. 10-6033-AA, 2011 U.S. Dist. LEXIS 23137, at *16-17 (D. Or. Mar. 3, 2011) . 19

*Lucero v. Countrywide Bank N.A.*,
  2010 WL 1880649 (S.D. Cal. May 10, 2010) ........................................................... 12

*Lucia v. Wells Fargo Bank, N.A.*
  798 F. Supp. 2d 1059, 1072 (N.D. Cal. 2011) ........................................................ 22

*Macias v. WMC Mortgage Corp.*,
  No. 09cv1374, 2010 WL 114006 (S.D.Cal. Jan. 6, 2010) ........................................ 10

*Marks vs. Bank of America N.A.*,
  2010 WL 2572988 (D. Ariz. June 22, 2010) ...................................................... 12, 13

*Ming'ate v. Bank of America, N.A.*,
  No. 11-1787 ADM/TNL, 2011 WL 4590431 (D. Minn. Sept. 30, 2011) ................ 13

*Moneymaker v. CoBen (In re Eisen)*
  31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ..................................................................... 9

*Morales v. Chase Home Finance LLC*
  2011 WL 1670045 at 7 (N.D. Cal. 2011) ................................................................ 22

*Nadan v. Homesales, Inc.*
  2011 WL 3584213 at 7 (E.D. Cal. 2011) ................................................................ 22

*New Hampshire v. Maine*
  532 U.S. 742, 749 (2001) ................................................................................... 5, 6

*Nguyen v. Calhoun*,
  105 Cal. App. 4th 428 (2003) ................................................................................ 11

*Nicosia v. Wells Fargo Bank*,
  No. C 10-0398 PJH, 2010 WL 2720946, at *1 (N.D. Cal. July 7, 2010) ................ 17

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ................................................................................... 5

*Perry v. Stewart Title Co.*,
  756 F.2d 1197, 1208 (1985) ................................................................................... 17

*Pineda v. Saxon Mortg. Servs., Inc.*,
  No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008)
  ............................................................................................................................... 17

*Pittman v. Barclays Capital Real Estate Inc.*,
  No. 09 CV 241, 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) ..................... 17

*Prasad v. BAC Home Loans Servicing LP*
  No. 2:10-CV-2343-FCD/KJW, 2010 U.S. Dist. LEXIS 133938, at *12-13 (E.D. Cal.
  Dec. 7, 2010) ......................................................................................................... 19

*Rackley v. JPMorgan Chase Bank, N.A.*
  No. SA-11-cv-387-XR, 2011 U.S. Dist. LEXIS 79323, at *8 (W.D. Tex. July 21,
  2011) .................................................................................................................. 19, 20

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL. (213) 688-9500 – FAX (213) 627-6342

*Runaj v. Wells Fargo Bank*
   667 F. Supp. 2d 1199, 1206 (S.D. Cal. 2009) ............................................ 9

*Secrest v. Sec. Nat'l Mortgage,*
   167 Cal. App. 4th 544 (2008) .................................................................... 18

*Senter vs. JPMorgan Chase Bank, N.A.*
   2011 U.S. Dist. LEXIS 105414, at *26 ..................................................... 20

*Short v. Chase Home Fin.*
   No. 11-133-PHX-DGC, 2011 U.S. Dist. LEXIS 93886, at *11 (D. Ariz. Aug. 22, 2011) ........................................................................................................... 19

*Shurtliff v. Wells Fargo Bank N.A.*
   No. 1:10-CV-165 TS, 2010 U.S. Dist. LEXIS 117962, at *13 (D. Utah Nov. 5, 2010) ........................................................................................................... 19

*Sierra Switchboard Co. v. Westinghouse Electric Corp.*
   789 F.2d 705, 709 (9th Cir. 1986) ............................................................. 9

*Simon v. Bank of America, N.A.,*
   2010 WL 2609436 (D. Nev. June 23, 2010) .............................................. 12

*Singh v. Wells Fargo Bank*
   2011 WL 66167 at 3 (E.D. Cal. 2011) ...................................................... 22

*Soin v. Fed. Natl. Mort. Assoc., et al.*
   No. CIV. 2:12-634 WBS EFB, 2012 U.S. Dist. LEXIS 51824 (E.D. Cal. Apr. 12, 2012) ........................................................................................................... 1

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ...................................................................... 3

*Stebley v. Litton Loan Servicing, LLP,*
   202 Cal. App. 4th 522 (2011) ................................................................... 11

*Stolba v. Wells Fargo*
   2011 WL 344078 at 3-4 (D. N.J. 2011) .................................................... 19

*Stovall v. Suntrust Mortg., Inc.*
   No. RDB-10-2836, 2011 U.S. Dist. LEXIS 106137, at *32-34 (D. Md. Sep. 20, 2011) ........................................................................................................... 19

*Swahn Grup, Inc. v. Segal*
   183 Cal. App. 4th 831, 844 (2010) .......................................................... 5, 6

*Thomas v. JPMorgan Chase & Co.*
   No. 10 Civ. 8993, 2011 U.S. Dist. LEXIS 83504, at *28-30 (S.D.N.Y. July 29, 2011) ........................................................................................................... 19

*Torres v. Litton Loan Servicing LP*
   No. 1:10-cv-01709-OWW-SKO, 2011 U.S. Dist. LEXIS 4616, at *6 (E.D. Cal. Jan. 18, 2011) ................................................................................................... 19

*Tucker v. JPMorgan Chase Bank,*
   N.A., No. 10-cv-0959, 2011 WL 280962 (D. Nev. Jan. 25, 2011) ......... 13, 14

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.,*
165 Cal. App. 3d 1214 (1985) ................................................................ 10

*United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*
555 F.3d 772, 778 (9th Cir. 2009) ........................................................... 6

*Vida v. OneWest Bank, F.S.B.*
No. 10-987-AC, 2010 U.S. Dist. LEXIS 132000, at *15 (D. Or. Dec. 13, 2010) ..... 19

*Walker v. Countrywide Home Loans,*
98 Cal. App. 4th 1158 (2002) .............................................................. 14

*Walker v. Equity 1 Lenders Group,*
No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) ...... 17

*Wall Street Network, LTD v. N.Y. Times Co.,*
164 Cal. App. 4th 1171, 1178 (2008) ...................................................... 17

*Wells Fargo Bank*
798 F. Supp. 2d 1059, 1072 (N.D. Cal. 2011) ..................................... 21, 22

*Williams v. Koenig,*
219 Cal. 656 (1934) ......................................................................... 10

**Statutes**

11 U.S.C. § 1306 .......................................................................... 7, 9

11 U.S.C. § 541 ........................................................................... 5, 8

15 U.S.C. § 1692a(6)(F)(iii) ............................................................. 16

*Business & Professions Code* § 17200 ............................................ 14, 16

*Business & Professions Code* § 17204 ................................................ 15

*Civil Code* § 1624 ........................................................................ 18

*Civil Code* § 1698 ........................................................................ 18

*Civil Code* § 1788.2(c) .................................................................. 16

*Civil Code* § 2922 ........................................................................ 18

*Civil Code* §1788.1 ........................................................................ 1

**Other Authorities**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) ............................... 10, 11

**Rules**

FED. R. BANKR. P. 1007 ..................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Adan Juarez and Rosa Juarez (**plaintiffs**) admittedly defaulted on their mortgage loans four years ago. (Compl. ¶ 5.) Plaintiffs failed to cure their default and their "home was sold at a foreclosure sale in and around October 2012." (Compl. ¶ 14.) Now, in an attempt to stave-off eviction[1] from their former property, plaintiffs ask the Court to determine that defendant SunTrust Mortgage, Inc. (**SunTrust**) engaged in wrongdoing. Specifically, plaintiffs allege SunTrust failed to provide plaintiffs with a permanent loan modification to which they were allegedly entitled. To that end, they bring claims for breach of contract, unfair and deceptive business practices, and violations of *Civil Code* §1788.1 *et. seq.*[2]

Plaintiffs have been able to remain in the property for years without making a mortgage payment through successive filings of bankruptcy petitions. In fact, plaintiffs have filed four bankruptcy cases in the last year.[3] Meanwhile, plaintiff Rosa Juarez is currently in bankruptcy.

Plaintiffs' entire Complaint is predicated on SunTrust's failure to provide plaintiffs with a permanent loan modification, after they allegedly entered into a HAMP Trial Modification Plan (**TPP**). However, the question of whether a TPP constitutes a contract for a permanent modification has already been litigated in this Court. In fact, exactly one year ago, Judge William B. Shubb analyzed the exact same TPP in a case with nearly identical facts in *Soin v. Fed. Natl. Mort. Assoc., et al.*, NO. CIV. 2:12-634 WBS EFB, 2012 U.S. Dist. LEXIS 51824 (E.D. Cal. Apr. 12, 2012). Judge Shubb found that plaintiffs "failed as a matter of law to allege facts sufficient to establish that they entered into a contract to permanently modify the terms of their

---

[1] "Plaintiffs now face the imminent loss of their home in an unlawful detainer." (Compl. ¶ 14.)

[2] Although the face page of the Complaint lists a first cause of action for "negligence." There is no such cause of action in the Complaint. The Complaint only brings three causes of action, commencing with the "Second Cause of Action" for violation of *Business & Prof. Code* § 17200.

[3] (Bankruptcy Petition #: 12-91402, filed May 16, 2012; Bankruptcy Petition #: 12-92442, filed Sept. 11, 2012; Bankruptcy Petition #: 13-90128, filed Jan. 23, 2013.)

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

1  loan." *Id* at *5.

2      Because extensive case law, including precedent in this District has rejected

3  plaintiffs' underlying theory, SunTrust requests that the complaint be dismissed in its

4  entirety without leave to amend. Further, the causes of action concerning SunTrust's

5  failure to provide plaintiffs a HAMP modification fail because there is no private right

6  of action under HAMP. Finally, each cause of action fails on the merits. As such,

7  SunTrust respectfully requests that the Court grant this Motion to Dismiss with

8  prejudice.

9  ## II.   STATEMENT OF FACTS

10      On March 10, 2008, plaintiffs purchased residential property located at 2000

11  West Glenwood Ave., Turlock, California 95380 (the **Property**). (Complaint

12  (**Complaint** or **Compl.**), ¶ 4; Request for Judicial Notice (**RJN**), Ex. 1.) A deed of trust

13  (**Deed of Trust**) securing plaintiffs' loan was recorded against the Property on March

14  21, 2008 in Stanislaus County, California in the amount of $417,000.00, identifying

15  plaintiffs as borrowers, SunTrust Mortgage, Inc. (**SunTrust**) as lender, and Mortgage

16  Electronic Registration Systems, Inc. (**MERS**) as nominee for lender and lender's

17  successors and assigns. *Id.* On March 10, 2008, plaintiffs obtained a second loan from

18  SunTrust in the amount of $123,500.00, secured by second deed of trust. (RJN, Ex. 2.)

19      Plaintiffs allege they defaulted in "April 2009," nearly one year after obtaining

20  their loan. (Compl., ¶ 5.) Plaintiffs allege that "SunTrust offered Plaintiffs a Trial

21  Modification Plan," which they attach as Exhibit A to their Complaint. (Compl., ¶ 7.)

22  Plaintiffs allege they made trial plan payments, but that they were denied a permanent

23  loan modification. (Compl., ¶ 10.) Plaintiffs then allege they attempted to apply for

24  "another loan modification," and subsequently received "loan modification rejection

25  letters." (Compl., ¶ 11.)

26      Following plaintiffs' default, the nonjudicial foreclosure process began with the

27  recording of a notice of default in January 2012. (Compl., ¶ 12; RJN, Ex. 3.)

28  Thereafter, a notice of trustee's sale was recorded indicating a sale date of October 11,

2012.[4] (Compl., ¶ 12; RJN, Ex. 4.) Plaintiffs failed to cure their default or reinstate their loans; as a result, their "home was sold at a foreclosure sale in and around October 2012." (Comp., ¶ 13.) Subsequently, a trustee's deed upon sale was recorded on October 23, 2012, listing an unpaid balance of $477,668.17. (RJN, Ex. 5.)

Within the last year, Plaintiffs have filed four separate bankruptcy proceedings in order to delay both the foreclosure sale and their eviction. Adan Juarez filed three bankruptcy petitions: Bankruptcy Petition #: 12-91402, filed May 16, 2012 (RJN, Ex. 6 (docket), Ex. 7 (voluntary petition)); Bankruptcy Petition #: 12-92442, filed September 11, 2012 (RJN, Ex. 11 (docket), Ex. 12 (voluntary petition)); Bankruptcy Petition #: 12-92681, filed October 11, 2012 (RJN, Ex. 14 (docket), Ex. 15 (voluntary petition)). All of Adan Juarez's bankruptcy petitions were dismissed for either failure to file requisite documents, or failure to appear at hearings. (RJN, Exs. 10, 13 and 16.) Plaintiff Rosa Juarez filed bankruptcy on January 23, 2012 in order to delay eviction, and her bankruptcy proceeding is pending (Bankruptcy Petition #: 13-90128) (RJN Ex. 17 (docket); Ex. 18 (executed signature page of voluntary petition)).

On March 7, 2013, Plaintiffs filed the instant action in Stanislaus County Superior Court. On April 3, 2013, SunTrust removed the action to this Court based on diversity jurisdiction. SunTrust now moves for an order dismissing this action with prejudice.

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12 (b)(6)

Dismissal is proper under Rule 12 (b)(6) where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court need not

[4] Despite plaintiffs' allegations, the Notice of Trustee's Sale indicates a May 16, 2012 sale date. (RJN, Ex. 4.) In order to force the postponement of the sale, plaintiff Adan Juarez filed for bankruptcy the day of the scheduled sale. (RJN, Exs 6 and 7; Bankruptcy Petition #: 12-91402, filed May 16, 2012)

accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1964-65 (2007).

The Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), reviewed the motion to dismiss standard, finding that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. This means "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* at 1949 (internal quotation omitted). What is more, the facts actually pleaded must give rise to a plausible claim for relief. *Id.* A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

The Ninth Circuit also requires the complaint contain "sufficient detail to give the defendants ample notice of the plaintiffs' loss causation theory, and give [the court] some assurance that the theory has a basis in fact." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989-90 (9th Cir. 1986).

**B.    Fed. R. Evid. 201**

The Court, as a general matter, may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss...must be treated as a motion for summary judgment...if either party...submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials.") However, the Court may consider extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) ("This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.") This exception is designed to "[p]revent...plaintiffs from surviving a Rule 12 (b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

## IV.   ARGUMENT

### A.   The Claims Are Barred by Judicial Estoppel

When a debtor fails to disclose all of his or her assets to the bankruptcy court, a resulting consequence is judicial estoppel - a common law doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).[5] California state courts have found that a general demurrer based on judicial estoppel may be sustained where the facts alleged or judicially noticed show that plaintiff is asserting a position inconsistent with that successfully asserted in other litigation—i.e., "that a court has adopted or accepted as true the inconsistent position." *Swahn Group, Inc. v. Segal*, 183 Cal. App. 4th 831, 844 (2010).

Under the Bankruptcy Code, all of a debtor's interests in property at the time a petition is filed, including any claims he may have, must be added to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). The debtor must disclose all potentially meritorious claims, not simply those that are guaranteed to succeed. *Casto v. Am. Union Boiler Co.*

---

[5] *See also Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.)*, 371 B.R. 412, 420-21 (B.A.P. 9th Cir. 2007) ("Judicial estoppel is . . . based on the estoppel of inconsistent positions in which a litigant who has obtained one advantage through the court by taking a particular position is not thereafter permitted to obtain a different and inconsistent advantage by taking a different position.")

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    *of W. Va.*, No. 2:05-cv-00757, 2006 WL 660458, at *2 ("Pursuant to this duty to

2    disclose, debtors 'must disclose all potential causes of action including litigation that is

3    likely to arise in a non-bankruptcy setting'") (*quoting In re Baldwin*, 307 B.R. 251, 265

4    (M.D. Al. 2004)); *See, e.g., Casto*, 2006 WL 660458, at *2-3 (finding that a plaintiff

5    was judicially estopped from pursuing a claim in light of her failure to disclose it in a

6    prior Chapter 7 bankruptcy proceeding); *See generally United Nat. Ins. Co. v. Spectrum*

7    *Worldwide, Inc.*, 555 F.3d 772, 778 (9th Cir. 2009) (judicial estoppel designed to

8    prevent litigants from "taking one position, gaining advantage from that position, then

9    seeking a second advantage by later taking an incompatible position").

10        Plaintiffs cannot now bring claims against SunTrust, having previously stated

11   under penalty of perjury that they had no claims in statements that were relied on by

12   parties to the bankruptcy, the bankruptcy court itself, and the bankruptcy trustee. *See,*

13   *e.g., In re Superior Crewboats, Inc.*, 374 F.3d 330, *335-36* (5th Cir. 2004) (holding that

14   former Chapter 7 debtors' personal injury claim was barred on judicial estoppel

15   grounds, where debtors failed to disclose the claim in schedules filed in the earlier

16   bankruptcy proceedings).

17        The factors which "typically inform the decision whether to apply the doctrine in

18   a particular case," including whether the party succeeded in persuading a court to

19   accept its earlier position, are not "inflexible prerequisites or an exhaustive formula for

20   determining the applicability of judicial estoppel." *New Hampshire v. Maine*, 532 U.S.

21   at 743. Therefore, even if a party was not successful in the prior proceeding, judicial

22   estoppel will apply if a court finds its integrity was undermined by the party's

23   inconsistent positions. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General*

24   *Motors Corp.*, 337 F.3d. 314, 324 (3d Cir. 2003); *Ryan Operations G.P. v. Santiam*

25   *Midwest Lumber Co.*, 81 F.3d. 355, 362 (3d Cir. 1996).

26        In *The Swahn Group, Inc. v. Segal*, 183 Cal. App. 4th 831 (2010), the Court of

27   Appeal clarified a nuanced issue relating to judicial estoppel, holding that the doctrine

28   of judicial estoppel "precludes a party from taking inconsistent positions in separate

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

judicial proceedings." *Id.* at 841. To invoke judicial estoppel, one does not need to demonstrate the elements required to invoke equitable estoppel – viz., privity, reliance, and prejudice. *Id.* In *The Swahn Group*, plaintiffs argued that "the doctrine of judicial estoppel may be applied only at a fact-finding stage because the court must evaluate the facts before it can exercise its discretion to apply the doctrine." *Id.* at 842. The Court of Appeal rejected this broad argument. It held, instead, that "the application of judicial estoppel tenders a question of fact only if a determination of fact is necessary to make a ruling on the claim." *Id.* at 843. The court elaborated that if the facts material to a judicial estoppel claim "are undisputed, a question of law is presented," which may be resolved at the demurrer stage. *Id.* And since, at the demurrer stage, a court "must accept as true facts that are properly pleaded, and must consider those facts of which judicial notice may be taken, these facts are undisputed." *Id.* "Accordingly, the trial court may sustain a demurrer on the ground of judicial estoppel where the facts pleaded and judicially noticed indicate as a matter of law the doctrine should be applied, i.e., that a court has adopted or accepted as true the inconsistent position." *Id.* at 844.

Thus, a Chapter 7 debtor has an ongoing duty to disclose all of his or her pending and potential claims. *See* 11 U.S.C. § 1306(a)(1); FED. R. BANKR. P. 1007(b)(1), 1009(a); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding.") Indeed, the "integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Hamilton*, supra, at 785. This doctrine is invoked "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Id.* at 782.

Before they filed their lawsuit, plaintiffs failed to disclose the existence of their asserted claims to the bankruptcy court, despite their affirmative obligation to do so.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Indeed, in her current Chapter 7 petition, Rosa Juarez was obligated to disclose, *inter alia,* all "contingent and non-contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," but the bankruptcy schedules, signed under penalty of perjury, reflect Rosa Juarez failed to list her claims against SunTrust. (RJN, Ex. 19 at 9, line 21.) The same goes for Adan Juarez, who also failed to disclose his claims to the bankruptcy court. (RJN, Ex. 8 at 5, line 21.)

Under California law, it is well-settled that a failure to disclose the existence of asserted claims, necessitates dismissal of those claims. Just recently, the California Court of Appeal affirmed the dismissal of a complaint after plaintiffs, like the plaintiffs of the instant action, failed to disclose their claims. *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1607-1608 (2011). In *Hamilton*, the borrowers brought an action challenging the non-judicial foreclosure of their property. *Id.* The *Hamilton* court further noted that "on plaintiffs' personal property schedule, which asks the debtor to describe and estimate the value of '[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims,' plaintiffs did not list any claim against or any right to a setoff against Greenwich Investors." *Id.* The instant matter is indistinguishable insofar as plaintiffs, in their prior bankruptcy filings filed under penalty of perjury, failed to list any claims at all. (RJN, Exs. 8 and 19.)

**B.  Plaintiffs Lack Standing Because the Subject Property Belongs To Plaintiffs' Bankruptcy Estate**

Plaintiff Rosa Juarez lacks standing to pursue her claims asserted herein because they do not belong to her; they belong to her bankruptcy estate. Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The property of the bankruptcy estate also includes property of the kind specified in Section 541 **"that the debtor acquires *after* the commencement of the case but *before* the case is closed,**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

**dismissed or converted.**" 11 U.S.C. § 1306(a)(1) (emphasis added). A debtor's potential or actual lawsuit constitutes property that belongs to the bankruptcy estate. *See, e.g., Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 709 (9th Cir. 1986) (debtor's emotional distress claim was property of bankruptcy estate). A debtor has **no standing** to prosecute a lawsuit that is property of the bankruptcy estate. *See, e.g., Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994); *Estate of Spirtos v. One San Bernardino County Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006) (Bankruptcy Code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate).

Once plaintiffs filed for bankruptcy on January 23, 2013, a bankruptcy estate was created and that estate includes causes of action that accrued prior to the filing of bankruptcy, as well as the real property at issue. *See De Pomar v. Equifirst Corp.*, 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1206 (S.D. Cal. 2009); *Cobb v. Aurora Loan Servs.*, 408 B.R. 351, 354 (E.D. Cal. 2009); *Hernandez v. Downey Sav. & Loan Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009). The bankruptcy trustee became the real party in interest with respect to the bankruptcy estate assets. *See id.* The subject property in this lawsuit is now the property of the bankruptcy estate. *See id.* Moreover, plaintiffs do not have prudential standing to pursue this lawsuit.[6] *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004); *Hernandez*, 2009 U.S. Dist. LEXIS 21495 at *8-*13.

This issue has arisen in several other cases. A California appellate court held that a plaintiff's action to set aside a foreclosure sale, filed before the chapter 7 bankruptcy filing, had to be dismissed because it belonged to the bankruptcy estate. *Bostanian v. Liberty Savings Bank*, 52 Cal. App. 4th 1075, 1080 (1997). The federal courts have reached the same conclusion. In *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351, 354-55 (E.D. Cal. 2009), the court dismissed the complaint arising out of a mortgage

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL:(213) 688-9500 – FAX:(213) 627-6342

---

[6] Prudential standing is a judicially self-imposed limit on federal jurisdiction, and is separate from Article III constitutional standing. *City of L.A. v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

loan transaction because the plaintiff, who had not listed the ongoing lawsuit on her bankruptcy schedules, had not obtained an abandonment from the bankruptcy trustee. *See also Levingston v. Piburn,* No Civ. 08-8138, 2010 WL 1266823, at *2 (D. Ariz. May 26, 2010) (Chapter 7 debtor was not real party in interest to prosecute lawsuit); *Macias v. WMC Mortgage Corp.,* No. 09cv1374, 2010 WL 114006 (S.D. Cal. Jan. 6, 2010) ("Plaintiffs have not shown or alleged that, subsequent to the bankruptcy filing, they are the real parties in interest").

Here, the bankruptcy trustee of plaintiffs' bankruptcy estate, who is the real party in interest, has not appeared as a plaintiff in this action. Nor has Rosa Juarez obtained the trustee's abandonment of her claim. *Catalano v. Comm'r of Internal Revenue,* 279 F.3d 682, 685 (9th Cir. 2002) (noting that "[a]bandonment is a term of bankruptcy art, and connotes termination of the special status of property as 'property of the estate'" and that such property is not considered abandoned unless and until specific procedures for abandonment are followed). Accordingly, plaintiffs lack standing to bring the instant claims and the Court should dismiss them, with prejudice, on this basis as well. *See, e.g., Coble v. Derosia,* 2011 U.S. Dist. LEXIS 51948 (E.D. Cal. May 16, 2011).

**C.  Plaintiffs Are Barred From Bringing Their Equitable Claims Because They Cannot Tender**

Plaintiffs are procedurally barred from bringing their equitable claims because, in contravention of California's tender rule, they failed to tender the amount due on the loan prior to bringing this lawsuit. If a defaulting borrower requests relief in equity, i.e., setting aside or challenging a foreclosure proceeding, the borrower must first do equity himself by paying the entire loan amount prior to the sale. *See Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 578-79 (1984); *Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 290-91 (1911); *Williams v. Koenig,* 219 Cal. 656, 660 (1934); *U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.,* 165 Cal. App. 3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08. The "tender rule" applies to plaintiff's request to set aside a

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

foreclosure and any causes of action that derive from the wrongful foreclosure allegations or seek redress from foreclosure. *Arnolds*, 158 Cal. App. 3d at 578-80. Any cause of action implicitly integrated with allegations of an irregular sale thus fails unless the trustor can allege and establish a valid tender. *See id.* at 579.

The tender rule is strictly applied. *See Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). Recently, in *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011), the court held, "[a] full tender must be *made* to set aside a foreclosure sale, based on equitable principles." *Stebley*, 202 Cal. App. 4th at 526. The court in *Stebley* found plaintiffs failed to propose any facts showing it would be inequitable to require a full tender. The court thus determined, "[a]llowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt." *Id.*

It is a borrower's responsibility to make an unambiguous tender of the entire amount due on the loan or else the tender is of no effect. *See id.* Absent an alleged and actual tender, the complaint fails to state a cause of action. *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971); *Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996); Miller & Starr, *supra*, at § 10:212 at 653-54.

Plaintiffs obtained loans they admittedly defaulted on and have not repaid. They continue to live in their former property payment-free, and ask the Court to prevent "Defendants" from evicting plaintiffs. Plaintiffs, however, do not allege they paid or offered to pay the full amount due on the loan. As such, plaintiffs lack standing to bring their equitable claims and the complaint fails as a matter of law.

## D.  There is No Private Right of Action Under HAMP, and All of Plaintiffs' Claims Are Based on a HAMP Modification Application

Many of the claims alleged by plaintiffs are tied to their attempt at a HAMP loan modification and their presumption that a permanent HAMP modification should have been granted. However, these allegations fail to form a cognizable claim against SunTrust for several reasons.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 — FAX: (213) 627-6342

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

First, no private right of action under HAMP exists for borrowers to state claims such as those brought by plaintiffs. As noted by numerous courts, "there is no expressed or implied right of action to sue lenders or loan servicers for violations of HAMP [citation omitted]. Courts have consistently held that [HAMP] does not provide borrowers with a private cause of action against the lenders for failing to consider their application for a loan modification, or even to modify an eligible loan." *Cleveland vs. Aurora Loan Services, LLC*, 2011 WL 2020565 (N.D. Cal. 2011); *see also Ingalsbe v. Bank of Am., N.A.*, No 1:10-cv-1665, 2010 WL 5279839, at *5 (E.D. Cal. Dec. 13, 2010) (collecting cases and stating that the "consensus among district courts in the Ninth Circuit is that there is no private right of action under HAMP"); *Simon v. Bank of America, N.A.*, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) ("HAMP does not provide borrowers with a private cause of action against lenders for failing to consider their applications for loan modifications, or even to modify an eligible loan"); *Hernandez v. HomeEq Servicing*, No. 1:10cv01484 OWW DLB, 2010 WL 5059673, at *2-3 (E.D. Cal. Dec. 6, 2010); *Hammonds v. Aurora Loan Servs. LLC*, No. EDCV 10-1025, 2010 WL 3859069 (C.D. Cal. Sept. 27, 2010); *Lucero v. Countrywide Bank N.A.*, 2010 WL 1880649, at *3-4 (S.D. Cal. May 10, 2010).

Further, HAMP does not require a lender to enter into a loan modification. *Carrasco v. HSBC Bank USA, N.A.*, 2012 WL 646251, at *5 (N.D. Cal. Feb. 28, 2012); *Marks vs. Bank of America N.A.*, 2010 WL 2572988, at *4 (D. Ariz. June 22, 2010) (lender not obligated to modify borrower's loan under HAMP and therefore has no right to enforce provisions of HAMP). Plaintiffs' desire to modify their loan and their participation in the modification process does not create a private right of action.

In addition to affirming that no private right of action exists against a lender or servicer for failing to modify a loan, courts have also refused to allow plaintiffs to simply re-characterize their claims in an attempt to create a cause of action, like plaintiffs do here. In *Marks vs. Bank of America N.A.*, 2010 WL 2572988, (D. Ariz. June 22, 2010), the federal district court in Arizona rejected arguments akin to those

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017-5342
TEL.: (213) 688-9500 – FAX: (213) 627-6342

being raised by plaintiffs against defendants in the instant action. In *Marks*, plaintiff sought a loan modification from Bank of America. While the modification process was being pursued, a foreclosure sale was held and an unlawful detainer action filed. In dismissing the debtor's claims on summary judgment, the court noted that no private right of action exists under HAMP and that plaintiff's breach-of-contract allegations were simply an attempt to enforce the nonexistent private right of action. *Id. at* \*6 ("Plaintiff is precluded from asserting a private cause of action under the HAMP, even disguised as a breach of contract claim").

Other courts around the country have likewise dismissed state-law causes of action premised on a lender's failure to provide a borrower with a modification under HAMP. *See, e.g., Baltazar v. Premium Capital Funding*, No. 2:11-CV-630 TS, 2011 WL 3841450, at \*4 (D. Utah Aug. 26, 2011) ("[T]he Court finds that Plaintiffs' claims for breach of contract, negligence and breach of the covenant of good faith and fair dealing are nothing more than disguised HAMP claims. As there is no private right of action under HAMP, the Court finds that Plaintiffs' claims must be dismissed"); *Ming'ate v. Bank of America, N.A.*, No. 11-1787 ADM/TNL, 2011 WL 4590431, at \*6 (D. Minn. Sept. 30, 2011) ("HAMP creates no duty for lenders to make loan modifications or to do so in a timely fashion; as a result, Plaintiffs' negligence claim is dismissed"); *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-CV-0084-KJD-PAL, 2011 WL 4574338, at \*2 (D. Nev. Sept. 30, 2011) (dismissing plaintiffs' claim for wrongful foreclosure arising from defendants' alleged failure to properly review or consider their HAMP application because plaintiffs had no actionable right under HAMP); *Leake v. Presnky*, No. 10-cv-2306 RCL, 2011 WL 3020038, at \*4 (D.D.C. July 25, 2011) (dismissing wrongful foreclosure claim because "HAMP does not provide individual borrowers with a private right of action against lenders").

Similarly, in *Tucker v. JPMorgan Chase Bank*, N.A., No. 10-cv-0959, 2011 WL 280962 (D. Nev. Jan. 25, 2011), the court dismissed plaintiff's claims for declaratory relief, injunctive relief, breach of contract and breach of the covenant of good faith and

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017-5433
TEL.: (213) 688-9500 – FAX: (213) 627-6342

fair dealing because no private right of action exists under HAMP. *Id.* at *3-4. As the *Tucker* court held, "the defendants did not have a duty to either attempt to modify plaintiffs' loans by entering into negotiations with plaintiffs in good faith, nor to comply with all the applicable laws of the State of Nevada and published HAMP guidelines and requirements under the HAMP contracts." *Id.* For these same reasons, plaintiffs cannot state a valid cause of action on SunTrust's purported failure to provide them with a permanent HAMP loan modification. All of plaintiffs' claims are based on the HAMP modification process and, as such, all of plaintiffs' claims are barred.

**E.    Each of Plaintiffs' Claims Against SunTrust Individually Fail on The Merits.**

**1.  Plaintiffs' Second Claim for Unfair and Deceptive Business Practices**

California's Unfair Competition Law, California *Business & Professions Code* § 17200, *et seq.* (**UCL**) makes actionable any "unlawful, unfair or fraudulent business practice" and in proscribing any "unlawful" business practice, borrows violations of other laws and treats them as unlawful practices that are actionable as unfair competition. *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Facts supporting a Section 17200 claim must be pleaded with reasonable particularity. *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs' cause of action against SunTrust for purported violations of the UCL fails to meet the applicable pleading burden.

The statute establishes three categories of violative competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent. *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th at 180 (1999). A business practice is "unlawful" if it is "forbidden by law." *Walker v. Countrywide Home Loans*, 98 Cal. App. 4th 1158, 1169 (2002). A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits. *Id.* at 1170. To show that a business practice is

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   deceptive, a plaintiff must show that members of the public are likely to be deceived.

2   *Id.*

3   Moreover, to bring a UCL claim, a plaintiff must have suffered a personal

4   injury-in-fact and have lost money or property as a result of the allegedly illegal act.

5   *Business & Professions Code* § 17204 states, in pertinent part, that claims by

6   individuals may be brought by "any person who has suffered injury in fact and has lost

7   money or property as a result of the unfair competition." The second part of the phrase,

8   "as a result of," imposes a causation requirement. *Hall v. Time, Inc.*, 158 Cal. App. 4th

9   847, 855 (2008). In addition, pursuant to the Court's holding in *Hall*, injury-in-fact is

10  present in the following circumstances: (a) when the plaintiff expended money due to

11  defendant's unfair competition, (b) when plaintiff lost money or property, or (c) when

12  plaintiff had been denied money to which he was entitled. *Id.* at 854-55 (collecting

13  cases).

14  Plaintiffs base their UCL claim on their prior allegations. (Compl. ¶¶ 34, 47).

15  Specifically, plaintiffs assert that SunTrust engaged in unfair business practices by

16  failing to permanently modify their loan. (Compl., ¶ 39) First and foremost, there is no

17  obligation, and plaintiffs have not pleaded one, that requires SunTrust to extend a loan

18  modification to any borrower. Nothing in the Deed of Trust grants plaintiffs the right to

19  a loan modification; quite the opposite, it expressly states that if plaintiffs default under

20  the loan obligation, the trustee has the right to initiate foreclosure proceedings. (*See*

21  RJN, Ex. 1.)

22  Plaintiffs also cannot adequately allege injury. Plaintiffs cannot contend they

23  were "injured" by making payments when they were still in default on the loan. They

24  had an obligation to make payments, and collection of those payments cannot be

25  construed as an unfair business practice. *DeLeon v. Wells Fargo Bank, N.A.*, 10-CV-

26  01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011) (finding refusal to grant

27  modification is not in violation of UCL because "Although the Court understands

28  Plaintiffs' frustrations with Wells Fargo's seemingly contradictory statements and

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

actions, it does not appear that this conduct resulted in a loss of money or property. For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed.") Whatever injury or damages plaintiffs may have suffered as a result of the pending foreclosure are a direct result of their failure to satisfy the obligations pursuant to the loan agreement. As such, plaintiffs fail to plead a claim for violation of *Cal. Bus. & Prof. Code* § 17200.

### 2. Plaintiffs' Third Claim for Violation of *Civil Code* § 1788, *et seq.*

Plaintiffs' third cause of action consists of statements of law and vague allegations regarding debt collection. (Compl. ¶¶ 62-72). Although Plaintiffs reference California's Rosenthal Fair Debt Collection Practices Act (the **RFDCPA**), it is not remotely clear what actions plaintiffs allege were wrongful. *Ibid.* The RFDCPA outlines specific examples of prohibited practices, and includes, threats (*Civil Code* § 1788.10); obscenity (§ 1788.11); misleading or false communications (§ 1788.13); communications to third parties such as employers (§ 1788.12); and overreaching (§§ 1788.14-16). Nowhere do plaintiffs allege facts of any such conduct. The claim is fatally vague on this basis alone.

Moreover, plaintiffs cannot state a claim under the RFDCPA. "To be held liable for violation of the [federal] FDCPA, a defendant must—as a threshold requirement—fall within the Act's definition of a debt collector." *Heintz v. Jenkins*, 541 U.S. 291, 294 (1995). That definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). While the definition of a debt collector under the RFDCPA is broader, *Civil Code* § 1788.2(c), it is similar to the FDCPA definition, and courts treat the pleading requirements as nearly identical. *See Ines v. Countrywide Home Loans, Inc.*, No. 08cv1267 WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. Jul. 18, 2008). Here, SunTrust cannot be deemed a "debt collector" because plaintiffs do not allege SunTrust was only authorized to collect

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

payments **after** default. *See, e.g., Agbabiaka v. HSBC Bank USA Nat. Ass'n.,* No. C 09-05583 JSW, 2010 WL 1609974, at *5 (N.D. Cal. Apr. 20, 2010); *Hepler v. Wash. Mut. Bank, F.A.*, 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009).

In addition, a residential loan is not a "debt" for purposes of the statute. *See Fuentes v. Deutsche Bank*, No. 09 Civ. 502 JM (PCL), 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009); *Pittman v. Barclays Capital Real Estate Inc.*, No. 09 CV 241, 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) (a "residential mortgage loan does not qualify as a 'debt' under the statute."); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (1985); *Pineda v. Saxon Mortg. Servs., Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008) (citing *Perry*).

Further, "[a] claim cannot arise under the FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." *Agbabiaka*, 2010 WL 1609974, at *5 (quotation and citations omitted); *see also Nicosia v. Wells Fargo Bank*, No. C 10-0398 PJH, 2010 WL 2720946, at *1 (N.D. Cal. July 7, 2010); *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875, at *3. "The activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA" or the RFDCPA. *Walker v. Equity 1 Lenders Group*, No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009).

Plaintiffs cannot as a matter of law allege SunTrust was a debt collector, nor can they allege that foreclosure is debt collection under the RFDCPA. Plaintiffs fail to state a claim against SunTrust based on the RFDCPA.

### 3. Plaintiffs' Claim for Breach of Contract.

Plaintiffs claim that SunTrust breached its agreement to permanently modify plaintiffs' loan. To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract with a particular defendant, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's material breach, and (4) damages. *Wall Street Network, LTD v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). The first

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

1  element is missing here, because plaintiffs have not shown the existence of a contract.

2  All they attach to their Complaint is the January 1, 2010 Home Affordable

3  Modification Trial Period Plan, labeled "Step One of Two-Step Documentation

4  Process." (Compl. Ex. A.) The HAMP Trial Period Plan (**TPP**) is not a contract for a

5  permanent modification. It is not clear what contract plaintiffs believe forms the basis

6  for this cause of action, but it is not Exhibit A to their Complaint. Nor can it be the loan

7  documents. Nowhere does the subject Deed of Trust provide a right to modification.

8  Because plaintiffs have not properly alleged the existence of a contract, they fail to

9  state a claim for breach of contract.

10  Furthermore, to the extent plaintiffs' claim is based on oral representations that

11  the loan would be modified, it fails because giving effect to an oral promise to modify

12  the deed of trust would violate the statute of frauds. A mortgage or deed of trust with a

13  power of sale falls under the statute of frauds. *Civil Code* §§ 1624, 2922, 1698; *Secrest*

14  *v. Sec. Nat'l Mortgage*, 167 Cal. App. 4th 544, 552-53 (2008). The alleged statements,

15  which would constitute oral modifications of a written agreement, are therefore,

16  unenforceable. *Civil Code* § 1698; *see Karlsen*, 15 Cal. App. 3d at 121 (oral agreement

17  to extend foreclosure period unenforceable).

18  In *Nungaray v. Litton Loan Servicing, LP*, 200 Cal. App. 4th 1499 (2011), the

19  California Court of Appeal rejected a contract claim based on a HAMP Loan Workout

20  Plan identical to plaintiffs' HAMP TPP. That plan contained the same language on

21  which plaintiffs rest their case: "If I am in compliance with this [Plan] and my

22  representations in Section 1...continue to be true in all material respects, then the

23  Lender will provide me with a Loan Modification Agreement...." *Id.* at 1502. It also

24  contained the same clauses as plaintiffs' TPPs explaining that no permanent

25  modification would be provided unless the applicant qualified and received an executed

26  Modification Agreement. Like plaintiffs, the Nungarays argued that the TPP promised

27  that the servicer would provide them with a loan modification agreement. *Id.* (asserting

28  that the Nungarays "fully performed" under the Plan). The court rejected that argument,

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

concluding that nothing the servicer did, including offering the Plan, "led the Nungarays to believe that a permanent loan modification was forthcoming." *Id.* at 1505. *Nungaray* is on all fours with this case, and when interpreting state law, "where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1099 (9th Cir. 2003) (federal courts must follow state's intermediate appellate courts absent convincing evidence that the state's highest court would rule differently).

Because the TPPs at issue were drafted by the Department of the Treasury, many HAMP participating servicers across the country have faced suits based on theories like those advanced by plaintiffs here. The overwhelming majority of district courts have dismissed such claims, holding that, by their plain language, TPPs do not constitute contracts promising a permanent modification. *See, e.g., Rackley v. JPMorgan Chase Bank, N.A.*, No. SA-11-cv-387-XR, 2011 U.S. Dist. LEXIS 79323, at *8 (W.D. Tex. July 21, 2011) (collecting cases); *Lonberg v. Freddie MAC*, No. 10-6033-AA, 2011 U.S. Dist. LEXIS 23137, at *16-17 (D. Or. Mar. 3, 2011) (same).[7]

---

[7] *See also Prasad v. BAC Home Loans Servicing LP*, No. 2:10-CV-2343-FCD/KJW, 2010 U.S. Dist. LEXIS 133938, at *12-13 (E.D. Cal. Dec. 7, 2010); *Grill*, 2011 WL 127891, at *3-4; *Torres v. Litton Loan Servicing LP*, No. 1:10-cv-01709-OWW-SKO, 2011 U.S. Dist. LEXIS 4616, at *6 (E.D. Cal. Jan. 18, 2011); *Vida v. OneWest Bank, F.S.B.*, No. 10-987-AC, 2010 U.S. Dist. LEXIS 132000, at *15 (D. Or. Dec. 13, 2010); *Short v. Chase Home Fin.*, No. 11-133-PHX-DGC, 2011 U.S. Dist. LEXIS 93886, at *11 (D. Ariz. Aug. 22, 2011); *Herold v. U.S. Bank, N.A.*, No. CV 11-08108-PCT-FJM, 2011 U.S. Dist. LEXIS 103501, at *6-7 (D. Ariz. Sep. 13, 2011); *Bourdelais v. J.P. Morgan Chase Bank, N.A.*, No. 3:10- CV-670-HEH, 2011 U.S. Dist. LEXIS 35507, at *18-20 (E.D. Va. Apr. 1, 2011); *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339 (2011); *Stolba v. Wells Fargo & Co.*, No. 10-cv-6014 (WJM) (MF), 2011 U.S. Dist. LEXIS 87355, at *8-9 (D.N.J. Aug. 8, 2011); *Thomas v. JPMorgan Chase & Co.*, No. 10 Civ. 8993, 2011 U.S. Dist. LEXIS 83504, at *28-30 (S.D.N.Y. July 29, 2011); *Costigan v. CitiMortgage, Inc.*, No. 10 Civ. 8776 (SAS), 2011 U.S. Dist. LEXIS 84860, at *21-22 (S.D.N.Y. Aug. 1, 2011); *Brown v. Bank of N.Y. Mellon*, No. 1:10-CV-550, 2011 U.S. Dist. LEXIS 6006, at *8 (W.D. Mich. Jan. 21, 2011); *Shurtliff v. Wells Fargo Bank N.A.*, No. 1:10-CV-165 TS, 2010 U.S. Dist. LEXIS 117962, at *13 (D. Utah Nov. 5, 2010); *James v. Wells Fargo Bank*, No. 10-1205-TS, 2011 U.S. Dist. LEXIS 53077, at *7-8 (D. Utah May 17, 2011); *Lund v. Citimortgage, Inc.*, No. 2:10-CV-1167 TS, 2011 U.S. Dist. LEXIS 52890, at *6 (D. Utah May 17, 2011); *Salvador v. Bank of Am. (In re Salvador)*, No. 10-53570 JPS, 2011 Bankr. LEXIS 1772, at *17 (Bankr. M.D. Ga. May 12, 2011); *Stovall v. Suntrust Mortg., Inc.*, No. RDB-10-2836, 2011 U.S. Dist. LEXIS 106137, at *32-34 (D. Md. Sep. 20, 2011).

### a. California Courts, Including This Court, Have Found that Plaintiffs' TPP Is Not Considered a Permanent Loan Modification

In assessing whether contractual language is unambiguous, California courts require that "language in a contract must be construed in the context of that instrument as a whole." *ACL Techs., Inc. v. Northbrook Prop. & Cas. Ins. Co.*, 17 Cal. App. 4th 1773, 1785 (1993). Immediately preceding the sentence on which plaintiffs rely (*see* Compl. ¶ 75), the TPP states that "I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan." (Compl. Ex. A at pg. 3, Section 2.G.)

Moreover, the sentence on which plaintiffs rely is expressly limited by the language of paragraph 2.G, which provides: "I understand that this Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all the conditions required for modification, (ii) I received a fully executed copy of a Modification Agreement." (*Id.* at Section 2.G.) In short, the document's language conclusively shows that the TPP did not constitute a contract promising permanent modification. *See Senter*, 810 F. Supp. 2d at 1356 (2011) (dismissing breach of contract claim based on TPP language because the first sentence "explicitly relies on Section 3," which references the "discretion afforded to the Defendants in regards to offering Plaintiffs permanent loan modifications"); *Rackley*, 2011 U.S. Dist. LEXIS 79323, at *11 (same, emphasizing that "the TPP's Section 3 states that finalization of a modification occurs only upon performance of all stated obligations, which include borrower receipt of a lender-executed Modification Agreement"). By contrast, plaintiffs' reading of the TPP—as promising a "permanent modification" (Compl. ¶ 78)—reads out of existence the provisions stating that no permanent modification will be provided unless "I receive a fully executed copy of a Modification Agreement." (Compl. Ex. A, at ¶ 2.G; *see also id.* at ¶ 2.F.) It also renders

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 • FAX: (213) 627-6342

nonsensical the statements that SunTrust will "determine whether I qualify for the offer." *Id.* "Courts must interpret contractual language in a manner which gives force and effect to every provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 473 (1998).

Here, plaintiffs allege they made trial plan payments, but they were denied a permanent loan modification. (Compl. ¶ 10.) Plaintiffs then allege they attempted to apply for "another loan modification," and subsequently received "loan modification rejection letters." (Compl. ¶ 11.) Although plaintiffs allege they continued to make reduced TPP payments of $790.03, these payments allowed plaintiffs to maintain the Trial Plan while they were evaluated for a permanent modification. (Compl. ¶ 7.)

Finally, plaintiffs allege that on "February 26, 2011, Defendant sent a letter to Plaintiffs stating that the loan modification was rejected based on insufficient income." (Compl. ¶ 78.) Plaintiffs allege that "Defendant breach the agreement when Defendant denied the loan modification." *Ibid.* Plaintiffs' proposed reading would contravene well-settled law on the interpretation of the TPP. As the California Court of Appeal made clear:

> As a matter of law, there was no contract here. The plain and clear language of paragraph 2G states that the Plan "is not a modification of the Loan Documents" and the documents will not be modified unless the Nungarays "meet all of the conditions required for modification," including the Nungarays' receipt of a "fully executed copy of a Modification Agreement."

*Nungaray*, 200 Cal. App. 4th at 1504. Prior to *Nungaray*, plaintiffs' theory that the HAMP TPP constitutes a permanent modification offer was rejected by a litany of courts—all of which, have granted defendants' motion to dismiss. Indeed, courts within this District have rejected the exact same claims brought by plaintiffs here. *Grill v. BAC Home Loans Servicing LP*, 2011 WL 127891 at 4 (E.D. Cal. 2011) (The HAMP TPP does not constitute a "binding contract"); *Singh v. Wells Fargo Bank*, No. 10-CV-

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1659 AWI SMS, 2011 WL 66167 at 3 (E.D. Cal. 2011) ("Plaintiffs have not stated sufficient facts to support consideration"); *Nadan v. Homesales, Inc.*, No. CV F 11-1181 LJO SKO, 2011 WL 3584213 at 7 (E.D. Cal. 2011) ("Defendants are correct that the complaint fails to allege material terms of a permanent loan modification.")  Other district courts within California have agreed. *Morales v. Chase Home Finance LLC*, 2011 WL 1670045 at 7 (N.D. Cal. 2011) (no contract under the TPP sufficiently alleged); *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1072 (N.D. Cal. 2011) (motion to dismiss granted without leave to amend as to breach of contract claim under TPP).

In fact, plaintiffs' breach of contract claim is literally identical to an allegation that Judge Damrell dismissed. In *Grill v. BAC Home Loans Servicing, L.P.*, No. 10-cv-3057, 2011 WL 127891 (E.D. Cal. Jan. 14, 2011), the plaintiff sued his servicer for breach of a HAMP trial plan. Because HAMP is a national program with national standards, the relevant terms were identical to those in the plaintiffs' trial plan. (*Compare id.* at *4 *with* Compl. Ex. A.) Although the plaintiff in *Grill*, like the plaintiffs here, alleged he qualified for a HAMP modification and had complied with the agreement, the Court held he had failed to state a viable claim for breach of contract. Judge Damrell reasoned as follows:

> Accordingly, Exhibit C makes clear that providing the requested documents was simply a part of the application process, which plaintiff was willing to complete in the hope that BAC would modify his loan. Under the language of Exhibit C, a binding modification would not result unless and until BAC determined that plaintiff complied with the requirements. If BAC so determined, then it would send plaintiff a modification agreement, including a new monthly payment amount, which both plaintiff and defendant would execute.

> Plaintiff has not alleged or provided exhibits (1) that BAC determined plaintiff had met the requirements or (2) that BAC sent plaintiff a loan modification with a new monthly payment that was then executed by both plaintiff and BAC. As such, **no binding contract has been alleged.**

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Id.* at *4 (emphasis added) (granting BAC's motion to dismiss plaintiffs' breach of contract claim). The same conclusion is inescapable here. SunTrust and plaintiffs never reached a meeting of the minds as to a final loan modification agreement. In fact, plaintiffs allege that they were told their loan would not be permanently modified, and when plaintiffs attempted to send in further payments, "SunTrust abruptly rejected the twelfth payment." (Compl. ¶ 10.)

### b. Plaintiffs Cannot Plead Damages

Plaintiffs attach to their Complaint numerous checks for the TPP payment amount of $791.00. (Compl. Ex. A.) Plaintiffs seem to imply that because they sent in these payments, they were damaged, and somehow entitled to receive a permanent modification. However, the entire Complaint fails to plausibly allege how plaintiffs were damaged. Paragraph 2.E of the TPP reads as follows:

> When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents.

(Compl. Ex. A at Section 2.E.) Even if plaintiffs did make the reduced trial plan payments on their loan, these payments did not constitute a waiver of the foreclosure process or constitute a cure of the default. Plaintiffs accepted the loan proceeds, and then defaulted on their loan obligations. In addition to the default at the time of sale, the secondary deed of trust was extinguished by the foreclosure, and plaintiffs were able to discharge their $123,500 secondary loan. According to plaintiffs' admission that they defaulted in "approximately April 2009," they have been in default on their loan obligations for four years. (Compl. ¶ 5.) However, plaintiffs were able to retain the property while making payments under the TPP at a substantially reduced rate. The TPP permitted them to make reduced monthly mortgage payments and suspended any pending foreclosure sale. Plaintiffs identify no way in which they would have been

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   better off without this temporary relief. Plaintiffs' attempt to allege monetary damages

2   stemming from their loan payments is; therefore, unavailing.

3                               **V.   CONCLUSION**

4        For the foregoing reasons, SunTrust respectfully requests the Court dismiss

5   plaintiffs' complaint in its entirety, with prejudice.

6   Dated: April 10, 2013                  Respectfully submitted,

7                                          **AKERMAN SENTERFITT LLP**

8

9                                          By: */s/ Parisa Jassim*

10                                             Bryan M. Leifer
                                               Parisa Jassim
                                           Attorneys for Defendant
11                                         SUNTRUST MORTGAGE, INC.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

I am employed in the City and County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 725 South Figueroa Street, Suite 3800, Los Angeles, California 90017.

On **April 10, 2013**, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

On the interested parties in this action by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

Penelope P. Bergman, Esq.                    *Attorney for Plaintiff*
Deborah P. Gutierrez, Esq.                   *ADAN JUAREZ*
Amanda L. Gray, Esq.                         *and ROSA JUAREZ*
BERGMAN & GUTIERREZ LLP
6100 Center Drive, Suite 1050
Los Angeles, California 90045
Telephone: (310) 893-6200
Facsimile: (310) 988-2930
Email: amanda@b-g-law.com

☐ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 13-CV-00485-LJO-SAB

1
2
3
4

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 10, 2013**, at Los Angeles, California.

Suzanne I. Jimenez
(Type or print name)

_Suzanne J. Jimenez_
(Signature)

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{26141327;1}

2
**PROOF OF SERVICE**